Mark L. Javitch (CA SBN 323729)*
Javitch Law Office
480 S. Ellsworth Ave.
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff* and the
Putative Class
*Pending Pro Hac Vice Admission

UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| APRIL BLACKBOURN, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CHI NEBRASKA d/b/a CHI HEALTH, a Nebraska non-profit corporation<br><br>Defendant. | Case No.: 8:19-cv-00352<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1. Plaintiff APRIL BLACKBOURN ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant CHI NEBRASKA doing business as CHI HEALTH ("Defendant" or "CHI Health") to stop its illegal practice of making unauthorized calls that play artificial or prerecorded voice messages, and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's self and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

1

CLASS ACTION COMPLAINT

8:19-cv-00352

## NATURE OF THE ACTION

2. Defendant is a health organization that owns and operates several hospitals and clinics primarily in Nebraska and Iowa. As a part of its efforts to recruit registered nurses and/or health care professionals to employ at its various locations, Defendant and its agents placed thousands of calls employing an artificial or prerecorded voice message to health care professionals and others nationwide.

3. Defendant did not obtain express consent prior to placing these calls and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendant's use of technological equipment to spam individual phones on a grand scale.

6. By placing the calls at issue, Defendant has violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff APRIL BLACKBOURN is a natural person and is a citizen of the District of Nebraska.

9. Defendant CHI Health is a Nebraska domestic non-profit corporation organized and existing under the laws of the State of Nebraska with its principal place of business in 12809 West Dodge Road, Omaha, Nebraska 68154.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. This Court has specific personal jurisdiction over Defendant because the events giving rise to this lawsuit occurred in this District and Defendant directed its recruiting calls to Plaintiff within this forum state. Additionally, this Court has general jurisdiction over Defendant because Defendant's organization is principally located is in this District and the forum state.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant's headquarters is principally located in the State of Nebraska and in this District and because the wrongful conduct giving rise to this lawsuit occurred in this District, and the harm to Plaintiff occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendant is a health organization that owns and operates hospitals and clinics in Nebraska and Iowa.

14. To avoid paying for legitimate forms of advertising their recruiting for employment opportunities at its health clinics, Defendant and/or its agents repeatedly called and played artificial or prerecorded voice messages to thousands of cellular and residential phones.

15. Defendant cared so little about the Class members' privacy that Defendant contacted them *en masse* using technological equipment.

16. When the Class members answered their phones or listened to their messages expecting to hear from a real person, Defendant pulled a bait and switch by playing an artificial or prerecorded voice message.

17. Defendant failed to obtain consent from Plaintiff and the Class before bombarding their phones with these illegal prerecorded voice messages.

**FACTS SPECIFIC TO PLAINTIFF**

18. On or about July 4, 2019, Plaintiff received two calls at 11:52 AM and again at 12:14 PM, from Defendant on her cell phone number ending in 7007.

19. Defendant used a blocked number to trick Plaintiff into answering her phone. The Caller ID displayed as "Unknown Caller" on Plaintiff's phone.






4

CLASS ACTION COMPLAINT

8:19-cv-00352

20. When Plaintiff answered the phone, she heard an artificial or prerecorded voice message recruiting contract nurse positions at Defendant's organization.

21. The message stated that "This is a message from CHI." The prerecorded message then went on to state that there was a "critical need" for RN's to be employed at its organization.

22. Plaintiff was a former employee of Defendant's organization, but Plaintiff had no relationship with Defendant at the time of the calls.

23. Even when Plaintiff was an employee of Defendant, she never discussed the possibility of contract positions with Defendant.

24. Further, Plaintiff had never consented to receive artificial or prerecorded voice calls from Defendant at any time, before, during or after Plaintiff's employment with Defendant.

25. Defendant caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

## CLASS ALLEGATIONS

26. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(1), 23(b)(2), and/or 23(b)(3):

> All persons within the United States who were called by Defendant or its agent/s and/or employee/s on said person's residential or cellular telephone made through the use of any artificial or prerecorded voice, within the four years prior to the filing of the Complaint, where Defendant did not have consent prior to calling.

27. The following people are excluded from the Class: (1) any District Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of health care professionals and/or individuals who fall into the definition of the Class. Members of the Class can be identified through Defendant's or Defendant's agent's records.

29. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

31. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether Defendant or its agents called and played an artificial or prerecorded voice to thousands of cellular and residential phones;
   b. Whether Defendant obtained express written consent prior to contacting any members of the Class;

  c. Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendant's conduct; and,

  d. Whether Defendant should be enjoined from such unlawful conduct in the future

33. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## CAUSE OF ACTION
## Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. Defendant and/or its agent placed telephone calls to Plaintiff's and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

36. Defendant's calls were made for the commercial purpose of reducing advertising expenses on recruiting contract nurses.

37. Defendant played an artificial or prerecorded voice message to the cellular and/or residential phones of Plaintiff and the Class members without their consent as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

38. As a result of its unlawful conduct, Defendant repeatedly invaded the personal privacy of Plaintiff and the Class, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

39. Defendant and/or its agents made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

40. If the court finds that Defendant *willfully* and/or *knowingly* violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff APRIL BLACKBOURN as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA *willfully* and *knowingly*;

D. An injunction requiring Defendant to cease all calls using any "spoofing" technology that show incorrect or invalid Caller ID information, and otherwise protecting interests of the Class;

E. An injunction requiring Defendant to cease all unlawful calls without first obtaining the call recipients' prior express written consent to receive such calls, and otherwise protecting interests of the Class;

F. An award of actual damages and/or statutory fines and penalties;

G. An award of reasonable attorneys' fees and costs; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

41. Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: August 17, 2019

Respectfully submitted,

8

CLASS ACTION COMPLAINT

8:19-cv-00352

APRIL BLACKBOURN, individually and on behalf of all others similarly situated,

By: /s/ Mark L. Javitch            .
Plaintiff's Attorney

Mark L. Javitch (California SBN 323729)*
Javitch Law Office
480 S. Ellsworth Ave
San Mateo CA 94401
Tel: 650-781-8000
Fax: 650-648-0705

*Attorney for Plaintiff and the Putative Class*
*Pending Pro Hac Vice Admission

9

CLASS ACTION COMPLAINT

8:19-cv-00352